UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD HOLT, and MARTIN ERSKINE,

   Plaintiffs,

vs.

CITY OF BATTLE CREEK, MICHIGAN

   Defendant.

_____

Case No.
Hon.

**PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND**

There was a resolved civil action arising out of a similar
transaction or occurrence involving at least one of the parties alleged in the complaint.
That civil action is Case No. 1:13-CV-01080.

NOW COME Plaintiffs, by and through undersigned counsel and for their Complaint against Defendant, City of Battle Creek, Michigan, state as follows:

1. This is a civil action brought on behalf of Plaintiff, who worked for Defendant, City of Battle Creek, Michigan (hereinafter, "the City") during the last three years as a Battalion Chief in the State of Michigan. Plaintiff complains that Defendant, failed to pay him the overtime compensation to which he was entitled under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201 et seq.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

1

## PARTIES

4. Plaintiff Howard Holt was employed by Defendant City in the position of Battalion Chief during until the end of 2014.

5. Plaintiffs Martin Erskine was employed by Defendant City in the position of Battalion Chief during the last three years.

6. Defendant City, is a municipal corporation incorporated and located in the State of Michigan.

## GENERAL ALLEGATIONS

7. Plaintiffs are or were part of the bargaining unit named The Organization of Supervisory Personnel Of the Battle Creek Fire Department.

8. Plaintiffs and City entered into an an employment agreement governing their working relationship.

9. As part of their duties and responsibilities as outlined in the employment agreement, Plaintiffs were required to be on "Stand By" status for certain periods of time during their employment.

10. The stand by status was a set schedule of up to seven consecutive days, sometimes more, that included 24 hour periods over the regular workweek and weekends.

11. The typical set schedule for the standby status was from Friday at 5pm until Friday at 8am.

12. The stand by status required the Plaintiffs to:

    a. Monitor fire department radio traffic;

    b. Answer telephone calls;

  c. Respond to all structure fires;

  d. Address any staffing issues that arise.

13. While under standby status, Plaintiffs could not:

  a. Be out of telephone or radio range;

  b. Drink adult beverages;

  c. Babysit, supervise or care for minor children that were unable to be left alone;

  d. Travel in one vehicle with family or friends so that they were free to leave at a moment's notice to respond to any emergency.

14. During their standby status, Plaintiffs worked hours in excess of the hourly levels specified in the FLSA.

15. As a result, Plaintiffs are entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

16. Plaintiffs were compensated for their standby status as follows:

  a. One hour of pay at a rate of one and a half times their regular rate of pay;

  b. Two hours of pay at a rate of one and a half times their regular rate of pay if the standby status falls on a weekend or holiday.

17. Plaintiffs' "Regular Rate," as defined under the FLSA and regulations promulgated by the United States Department of Labor pursuant to the FLSA, includes the hourly base wage set forth in the salary schedules attached as appendices to the employment agreement plus all other elements of remuneration, including, but not limited to, annual holiday bonus, longevity bonus, and educational incentive pay.

18. During the workweeks which encompassed the standby time, the City failed to pay wages or overtime compensation to Plaintiffs for all the hours that they were on standby status.

19. As a result of the acts and omissions of the City set forth herein, Plaintiffs have sustained damages, which include, but are not limited to, unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and costs to be paid by the City.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

20. Plaintiffs adopt, reiterate and incorporate herein by reference all allegations contained in the other paragraphs of this Complaint.

21. At all relevant times, Defendant has been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

22. At all relevant times, Plaintiffs were "employee[s]" of Defendant as the term is defined under the FLSA.

23. At all times relevant to this action, Defendant "suffered or permitted" the Plaintiffs to work and thus "employed" Plaintiffs within the meaning of FLSA, 29 U.S.C. §203(g).

24. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and half times their regular rate of pay for every hour worked in excess of hourly levels specified in the FLSA.

25. Defendant improperly classified Plaintiff as exempt from overtime under the FLSA.

26. Defendant violated the FLSA by failing to pay the Plaintiffs the federally mandated overtime premium for all hours worked in excess of hourly levels specified in the FLSA.

27. The City's actions and omissions as alleged herein were done in a knowing, willful, and bad faith manner and as such the statute of limitations is extended from two years to three years for Plaintiffs' FLSA claims.

28. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of hourly levels specified in the FLSA, Defendant has violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §206(a)(1), § 207(a)(1) and § 215(a).

29. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

30. As a result of Defendant's violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request the following relief:

A. The actions of the Defendant complained of herein be adjudicated, decreed, and declared a breach of Defendant's obligations under the FLSA;

B. A complete and accurate accounting of all compensation to which Plaintiffs are entitled;

C. Defendant be ordered to pay Plaintiffs their unpaid wages together with an equal amount in liquidated damages;

D. Defendant be ordered to pay Plaintiffs' costs and reasonable attorney fees pursuant to the FLSA;

E.       Trial by jury on all issues so triable;

F.       The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez*
Avanti Law Group, PLLC
By: Robert Anthony Alvarez (P66954)

# JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial.

*/s/ Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)
Avanti Law Group, PLLC