UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN (SOUTHERN DIVISION)

HOWARD HOLT and MARTIN ERSKINE

        Plaintiffs

                                Case No. 1:15-cv-00931

vs.

                                Hon. Janet T. Neff

CITY OF BATTLE CREEK, MICHIGAN

        Defendant.

| | |
|---|---|
| ROBERT A. ALVAREZ (P66954) | MARK E. KRETER (P35475) |
| AGUSTIN HENRIQUEZ (P79589) | STEPHEN J. STAPLE (P77692) |
| Attorney for Plaintiffs | Attorney for Defendant |
| Avanti Law Group PLLC | Kreis, Enderle, Hudgins & Borsos, P.C. |
| 600 28th Street SW | P.O. Box 4010 |
| Grand Rapids, MI 49509-2940 | Kalamazoo, MI 49003-4010 |
| (616) 257-6807 Phone | (269) 324-3000 Phone |
| (616) 257-8501 Fax | (269) 324-3010 Fax |

**AMENDED FINAL PRETRIAL CONFERENCE ORDER**

    A final pretrial conference was held on the 13nd day of August 2018.  Appearing for the parties as counsel were:

    ROBERT A. ALVAREZ (P66954)
    AGUSTIN HENRIQUEZ (P79589)
    Attorney for Plaintiffs

    MARK E. KRETER (P35475)
    STEPHEN J. STAPLE (P77692)
    Attorney for Defendant

1.    **EXHIBITS:**  The following exhibits will be offered by plaintiffs and the defendant:

    JT EX 1 – Collective Bargaining Agreement 2007 – 2022
    JT EX 2 – Collective Bargaining Agreement 2015 – 2018
    JT EX 3 – Hours Analysis Report – All Hours – Howard Holt – 9/12/12 – 9/12/15
    JT EX 4 – Hours Analysis Report – All Hours – Martin Erskine – 9/12/12 – 9/12/15
    JT EX 5 – Battalion Fire Chief Job Description
    JT EX 6 – Standard Operating Procedure - SOP #102.02-Battalion Chief Job Description
    JT EX 7 - Standard Operating Procedure - SOG #225 Incident Command Worksheet
    JT EX 8 – 10/10/14 – Martin Erskine – Bi-Weekly Report
    JT EX 9 – 11/10/14 – Martin Erskine – Bi-Weekly Report
    JT EX 10 – 11/21/14 – Martin Erskine – Bi-Weekly Report

JT EX 11 – 12/5/14 – Martin Erskine – Bi-Weekly Report
JT EX 12 – 12/19/14 – Martin Erskine – Bi-Weekly Report
JT EX 13 – 1/16/15 – Martin Erskine – Bi-Weekly Report
JT EX 14 – 1/30/15 – Martin Erskine – Bi-Weekly Report
JT EX 15 – 2/13/15 – Martin Erskine – Bi-Weekly Report
JT EX 16 – 9/12/14 – Howard Holt – Bi-Weekly Report
JT EX 17 – 9/29/14 – Howard Holt – Bi-Weekly Report
JT EX 18 – 10/9/14 – Howard Holt – Bi-Weekly Report
JT EX 19 – 10/24/14 – Howard Holt – Bi-Weekly Report
JT EX 20 – 11/7/14 – Howard Holt – Bi-Weekly Report
JT EX 21 – 11/21/14 – Howard Holt – Bi-Weekly Report
JT EX 22 – 12/4/14 – Howard Holt – Bi-Weekly Report
JT EX 23 – 1/2/15 – Howard Holt – Bi-Weekly Report
JT EX 24 – 1/16/15 – Howard Holt – Bi-Weekly Report
JT EX 25 – 1/30/15 – Howard Holt – Bi-Weekly Report

Plaintiffs' remaining exhibits are identified in <u>Attachment 1 – Plaintiffs' Exhibit List</u>. Defendant stipulates to entry of Plaintiffs' exhibits and waives any objection.

Defendant's remaining exhibits are identified in <u>Attachment 2 – Defendant's Exhibit List</u>. Plaintiffs stipulate to entry of Defendant's exhibits and waive any objection.

**2.** <u>**UNCONTROVERTED FACTS:**</u>   The parties have agreed that the following may be accepted as established facts:

### A.   Employment Status

1.    Plaintiff Howard Holt ("**Holt**") and Plaintiff Martin Erskine's ("**Erskine**") (collectively, "**Plaintiffs**") have each served as Battalion Chiefs for the Battle Creek Fire Department ("**BCFD**").

2.    From November 20, 2007 until his voluntary retirement on February 13, 2015, Holt was employed as one of the BCFD Battalion Chiefs.

3.     As part of his retirement, Holt executed the City of Battle Creek Severance and Release Agreement.

4.    Under the terms of the severance package, in exchange for accepting a payment of $30,000, Holt

[f]or himself and his heirs, personal representatives, successors and assigns, waives and releases and forever discharges Employer and its affiliated persons and entities from all claims, known or unknown which arose or existed at any time before Employee signed this Agreement.

This release is expressly intended as a general release and should be construed in the broadest manner possible.  It includes, but is not limited to . . . any claim under the Fair Labor Standards Act . . . .  By signing this Agreement, Employee knowingly and voluntarily gives up all released claims and promises to never accept any monetary award arising out of such claim.

5.      Like Holt, Erskine has been employed as a BCFD Battalion Chief, starting in June 8, 2012.

6.      Unlike Holt, Erskine has not retired, nor has he signed a severance agreement.

**B.      Collective Bargaining Agreement**

7.      While employed as Battalion Chiefs, the Plaintiffs were members of a bargaining unit represented by the Organization of Supervisory Personnel of the Battle Creek Fire Department ("**OSP**").

8.      OSP and Defendant City of Battle Creek ("**Battle Creek**") negotiated and agreed to terms of employment, including standby status and the applicability of compensation outside of regular work hours, for Plaintiffs as memorialized by the parties' Contract, dated July 1, 2007, entitled "Contract Between The City of Battle Creek and The Organization of Supervisory Personnel of the Battle Creek Fire Department" ("**Collective Bargaining Agreement**" or "**CBA**").

9.      In pertinent part, the CBA states:

Section 6.2 – Standby Pay:  In the event that the City requires Bargaining Unit members to act in a standby status, such members will be entitled to one (1) hour of pay at one and one-half times their regular rate of pay for each day spent in standby status.  If the standby status occurs on a weekend or holiday, the employee shall be entitled to two (2) hours of pay at a rate of time and one-half times their regular hourly rate of pay.

Section 6.3 - Overtime Pay:  Employees, who are called back to duty for an emergency, as defined by the Fire Chief, shall receive pay for all actual hours worked at one and one-half times their regular hourly rate of pay.  Bargaining unit members are considered overtime exempt except for the stipend for on call status and the stipend for emergency call-in.  All other work assignments conducted after what is considered normal working hours is administrative work, and shall not be subject to overtime payment.

10.     The CBA remained in full force and effect until April 2, 2015, when a superseding agreement was reached between Battle Creek and the OSP (the "**2015 Collectively Bargaining Agreement**" or "**2015 CBA**").

11.     After entering into the 2015 CBA, effective May 2, 2015, no Battalion Chiefs, including Erskine, were required to be on standby time for a week at a time because Battalion Chiefs worked shift based schedules.

12.     For all relevant time periods, Plaintiffs each received all required "Standby Pay" contractually mandated under the CBA.

13.     For all relevant time periods, Plaintiffs each received all required "Overtime Pay" contractually mandated under the CBA.

14.     For all relevant time periods, Plaintiffs' work week was 40 hours.

15.     For all relevant time periods, Plaintiffs' salary was in excess of $455 per week.

16.     For all relevant time periods, Battle Creek was an "employer" and Plaintiffs were "employees" of Battle Creek within the meaning of the Fair Labor Standards Act.

**C.     BCFD Command Structure**

17.     BCFD's command structure is hierarchical and station based.

18.     In order from lowest to highest ranking, BCFD has firefighters, then lieutenants, captains, and battalion chiefs, all overseen by a fire chief.

19.     Personnel are then assigned to specific stations, of which there are six.

20.     The command structure was in place for all relevant time periods.

21.     Chief Larry Houseman ("**Chief Houseman**") was Fire Chief for the BCFD from 1997 through April 26, 2013.

22.     Chief Jackie Hampton ("**Chief Hampton**") was Fire Chief for the BCFD from April 26, 2013 through January 31, 2014.

23.     Chief Arthur David Schmaltz ("**Chief Schmaltz**") was the Fire Chief for BCFD from approximately February 1, 2014 through the time period during which the standby system was in place.

24.     Under the command structure, Plaintiffs were the second highest ranking officers in the entire department.

25.     Under the command structure, Plaintiffs customarily and regularly directed the work of two or more other employees.

**D.     Civil Service Commission**

26.     BCFD hiring, advancement and promotion is subject to the Civil Service Commission.

27.     The Civil Service Commission establishes eligibility lists for entry level firefighters, from which BCFD must select.

28.     For all relevant time periods, Plaintiffs, along with the acting fire chief, city manager, and union representatives were provided the agenda for Civil Service Commission meetings.

29.     On at least one occasion, Erskine attended a Civil Service Commission meeting.

30.     Plaintiffs were provided testing results and rankings within the various eligibility lists.

**E.     Standby Schedule**

31.     BCFD's standby system was in place until May 1 2015, when Chief Schmaltz transitioned to shift work.

32.     Under the system, standby began at 5:00 PM and continued until 8:00 AM the following morning.

33.     Under the system, standby generally rotated every seven days.

34.     Through Chief Houseman's tenure as Fire Chief he rotated standby with the two Battalion Chiefs, including Plaintiffs.

35.     Plaintiffs were on standby approximately once every three weeks until May 1, 2013.

36.     Chief Hampton was unable to be on standby; therefore, from May 1, 2013 through July 1, 2014 Plaintiffs were on standby approximately every other week.

37.     Once Chief Schmaltz assumed the position of Fire Chief, and moved closer to Battle Creek, he began taking a turn on standby, returning Plaintiffs to approximately once every three weeks of standby time from July 1, 2014 through May 2, 2015.

**F.     Damages**

38.     Plaintiff Erskine's total unliquidated damages for a two (2) year statute of limitations is $226,778.40 in unpaid overtime wages.

39.     Plaintiff Erskine's total unliquidated damages for a three (3) year statute of limitations is $339,568.56 in unpaid overtime wages.

40.     Plaintiff Holt's total unliquidated damages for a (2) year statute of limitations is $183,585.42 in unpaid overtime wages.

41.     Plaintiff Holt's total unliquidated damages for a three (3) year statute of limitations is $285,667.02 in unpaid overtime wages.

**3.      CONTROVERTED FACTS AND UNRESOLVED ISSUES:**     The factual issues remaining to be determined and issues of law for the Court's determination are:

**A.      Application of "Executive" Exemption From Overtime Rules of FLSA Set-Forth Under the Applicable Governing Regulation, 29 C.F.R. §541.100.**

1.      The parties dispute whether the second requirement of the four-part test to come within the executive exemption has been met; specifically, whether Plaintiffs' primary duty is management of BCFD.

2.      The parties dispute whether the fourth requirement of the four-part test to come within the executive exemption has been met; specifically, whether Plaintiffs' have the authority to hire or fire other employees or whose suggestions as to hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

**B.      Application of "Administrative" Exemption From Overtime Rules of FLSA Set-Forth Under the Applicable Governing Regulation, 29 C.F.R. §541.200(a)**

3.      The parties dispute whether the second requirement of the three-part test to come within the administrative exemption has been met; specifically, whether Plaintiffs' primary duty was the performance of office or non-manual work directly related to the management or general business of operation of BCFD.

4.      The parties dispute whether the third requirement of the three-part test to come within the administrative exemption has been met; specifically, whether Plaintiffs' primary duty

included the exercise of discretion and independent judgment with respect to matters of significance.

### C.      Compensability of Standby Time

5.      Assuming Plaintiffs are not deemed exempt from the overtime provisions of the FLSA, the parties dispute whether Plaintiffs' duties during standby time were so onerous as to prevent Plaintiffs from effectively using their time for personal pursuits.

### D.      Measure of Damages - Willful Violation of FLSA by Battle Creek

6.      Assuming Plaintiffs are not deemed exempt from the overtime provisions of the FLSA, and Plaintiffs' time spent on standby is compensable, the parties dispute whether Battle Creek's violation of the FLSA was willful; specifically, whether Battle Creek knew or showed reckless disregard of the matter of whether its conduct was prohibited by statute.

### E.      Measure of Damages – Entitlement to Liquidated Damages

7.      Assuming Plaintiffs are not deemed exempt from the overtime provisions of the FLSA, and Plaintiffs time spent on standby is compensable, the parties dispute whether Plaintiffs are entitled to statutory liquidated damages; specifically, whether Battle Creek acted in good faith and that it had reasonable grounds for believing that it was not violating the Act to avoid the imposition of liquidated damages.

## 4.      WITNESSES:

### A.      Non-Expert Witnesses:      Non-expert witnesses to be called by the plaintiff

and defendant, except those who may be called for impeachment purposes only, are:

####       i.      Plaintiff:

| Name/Company | Address and Phone No. | Position/ Relationship | Testimony |
|---|---|---|---|
| Martin Erskine | | Battalion Chief | Will be called to testify |
| Howard Holt | | Retired Battalion Chief | Will be called to testify |
| Carrie Erskine | | Plaintiff Martin Erskine's Wife | Will be called to testify |
| Rosalee Holt | | Plaintiff Howard Holt's Wife | Will be called to testify |
| David Arthur Schmaltz, City of Battle Creek | 10 North Division Street, Battle Creek, MI 49014 | Former Fire Chief | May be called to testify |
| Larry Houseman City of Battle Creek | 10 North Division Street, Battle Creek, MI 49014 | Retired Fire Chief | May be called to testify |
| Russell Claggett Calhoun County ISD | 17111 G Drive N. Marshall MI 49068 | Former Labor Relations Attorney | May be called to testify |

ii.  **Defendant:**

| Name/Company | Address and Phone No. | Position/ Relationship | Testimony |
|---|---|---|---|
| Larry Houseman City of Battle Creek | 10 North Division Street, Battle Creek, MI 49014 | Retired Fire Chief | Will be called to testify live |
| Russell Claggett Calhoun County ISD | 17111 G Drive N. Marshall MI 49068 | Former Labor Relations Attorney | Will be called to testify live |
| Linda Morrison Finance Director, or her designee, Kourtney Matuschka City of Battle Creek | 10 North Division Street, Battle Creek, MI 49014 | Finance Director for the City of Battle Creek | May be called to testify live |

**B.** **Expert Witnesses:**   Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

    **i.**   **Plaintiff:**   None

    **ii.**   **Defendant:**   None

**5.**   **DEPOSITIONS:**   All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

    **A.**   **Plaintiff:**

       **i.**   **Arthur David Schmaltz:**

       **Deposition Transcript - To be used if witness does not testify**

- **Page 7, lines 13-25**
- **Page 8, lines 1-3; 21-25**
- **Page 9, lines 10-25**
- **Page 10, lines 1-10; 14-25**
- **Page 11, lines 1-5; 19-25**
- **Page 12, lines 1-7; 11-13; 20-25**
- **Page 13, lines 1; 13-25**
- **Page 14, lines 1-25**
- **Page 15, lines 1-2; 12-15; 23-25**
- **Page 16, lines 6-15**
- **Page 17, lines 14-25**
- **Page 18, lines 1-20; 25**
- **Page 19, lines 1-2; 10-17**
- **Page 20, lines 21-25**
- **Page 21, lines 1-12**
- **Page 22, lines 10-25**
- **Page 23, lines 1-15**
- **Page 24, lines 9-22**
- **Page 25, lines 14-25**
- **Page 26, lines 1-25**

- **Page 27, lines 1-25**
- **Page 28, lines 1-5; 15-19**
- **Page 30, lines 7-25**
- **Page 31, lines 1-2**
- **Page 32, lines 19-25**
- **Page 33, lines 1-14; 21-25**
- **Page 34, lines 1**
- **Page 36, lines 10-18**
- **Page 37, lines 6-16**
- **Page 39, lines 2-5; 18-25**
- **Page 40, lines 1-25**
- **Page 41, lines 1-4; 15-20**
- **Page 42, lines 23-25**
- **Page 43, lines 1-12; 19-25**
- **Page 44, lines 1-25**
- **Page 45, lines 1-16**
- **Page 46, lines 22-25**
- **Page 47, lines 1-25**
- **Page 48, lines 1-25**
- **Page 49, lines 1-3**

ii.     **Carrie Erskine:**

**Deposition Transcript**

- **Page 7, lines 13-25**
- **Page 8, lines 1-2; 7-11; 15-19**
- **Page 9, lines 7-16; 25**
- **Page 10, lines 1-12; 16-22**
- **Page 11, lines 21-25**
- **Page 12, lines 1-3; 8-12**
- **Page 14, lines 4-8; 11-12; 17-25**
- **Page 15, line 1**
- **Page 16, lines 9-17; 22-25**
- **Page 17, lines 1-5; 14-15**
- **Page 19, lines 20-25**
- **Page 20, lines 1-21**
- **Page 21, lines 6-10; 14-25**
- **Page 22, lines 11-25**

- **Page 23, lines 1-25**
- **Page 24, lines 1-9; 14-21**
- **Page 25, lines 1-25**
- **Page 26, lines 1-2**

iii.   **Rosalee Holt - Deposition Transcript:**

**Deposition Transcript**

- **Page 6, lines 2-6; 15-18**
- **Page 8, lines 20-23**
- **Page 10, lines 1-20**
- **Page 11, lines 13-25**
- **Page 12, lines 1-6; 11-25**
- **Page 13, lines 1-2**
- **Page 14, lines 4-13; 24-25**
- **Page 15, lines 1-6; 24-25**
- **Page 16, lines 1-5; 14-25**
- **Page 17, lines 1-4; 11-21**
- **Page 18, lines 1-4; 11-18; 23-25**
- **Page 19, lines 4-9**
- **Page 20, lines 12-25**
- **Page 21, lines 4-14; 19-25**
- **Page 22, lines 1-5**
- **Page 23, lines 10-25**

iv.   **City of Battle Creek - Responses to Interrogatories**
v.   **City of Battle Creek - Supplemental Responses to Interrogatories**

**OBJECTIONS:**   Defendant objects to use of all portions of the deposition transcripts of non-parties Carrie Erskine and Rosalee Holt as both witnesses are available to testify at trial.

B.   **Defendant:**

i.   **Martin Erskine:**

**Deposition Transcript**

- **Page 12, lines 4-20**
- **Page 14, lines 18-20**
- **Page 15, lines 7-15**

- **Page 17, lines 18-25**
- **Page 18, lines 1-16**
- **Page 19, lines 8-11**
- **Page 20, lines 2-8**
- **Page 22, lines 2-5; 9-13**
- **Page 23, lines 3-5**
- **Page 41, lines 10-14; 24-25**
- **Page 42, line 1**

ii.   **Howard Holt:**

**Deposition Transcript**

- **Page 28, lines 5-16**
- **Page 29, lines 17-21**
- **Page 32, lines 17-25**
- **Page 34, lines 12-17**
- **Page 35, lines 4-7**
- **Page 36, lines 3-18; 22-25**
- **Page 37, lines 1-8**
- **Page 38, lines 18-25**
- **Page 63, lines 13-19**

iii.   **Arthur Schmaltz:**

**Deposition Transcript - To be used if witness does not testify**

- **Page 7, lines 20-24**
- **Page 9, lines 20-22**
- **Page 11, lines 3-12**
- **Page 17, lines 20-24**
- **Page 19, lines 10-22**
- **Page 22, lines 10-18; 24-25**
- **Page 23, lines 1-5**
- **Page 28, lines 6-12; 20-25**
- **Page 29, lines 1-4**
- **Page 32, lines 10-12**
- **Page 35, lines 19-25**
- **Page 36, lines 1-2**
- **Page 37, lines 9-16**
- **Page 39, lines 18-25**
- **Page 40, lines 1-25**
- **Page 41, lines 5-20**
- **Page 42, lines 14-25**
- **Page 43, lines 1-12; 16-25**

- **Page 44, lines 1-10**
- **Page 45, lines 12-15**
- **Page 46, lines 1-7**

6. **LENGTH OF TRIAL:**       Pursuant to this Court's Order dated April 10, 2018, the length of trial shall be as follows:

    **A.**    Trial will be scheduled daily from 8:30 a.m. to 4:00 p.m., with short morning, lunch and afternoon breaks, subject to modification by the Court.

    **B.**    Each side will be limited to 15 minutes for an opening statement.

    **C.**    Plaintiffs will be limited to six (6) hours for presentation of evidence, with one (1) additional hour for rebuttal, if any; Defendant will be limited to six (6) hours for presentation of evidence. The time limits for presentation of evidence include direct and re-direct examinations. The time limits for presentation of evidence also include any time taken to locate or ready witnesses to testify. Counsel must have their witnesses available and ready to call to the stand.

    **D.**    The Court will determine time limits on closing arguments after the evidence has been presented.

7. **FORM OF ALTERNATIVE DISPUTE RESOLUTION:**       The form of Alternative Dispute Resolution selected was Early Voluntary Facilitative Mediation. The outcome was unsuccessful.

8. **PROSPECTS OF SETTLEMENT:**       The current status of settlement is that the parties were unable to reach a settlement agreement at the Settlement Conference. Representing Battle Creek at the March 2, 2018 Settlement Conference was City Manager Rebecca Fleury. Also present (via teleconference) was Juanita B. Gadsden, Senior Claims Specialist, with Excess Casualty Claims Americas, which company insures Battle Creek in this matter.  Plaintiffs were

present individually.  Counsel for Battle Creek was Mark Kreter.  Counsel for Plaintiffs was Robert Alvarez.  Obstacles to settlement were the assessment of Plaintiffs' likelihood to succeed on liability and, if successful, the amount of damages.

Parties were also unable to reach a settlement agreement at the Voluntary Facilitative Mediation. Representing Battle Creek at the July 9, 2018 VFM was City Manager Rebecca Fleury. Also present (via teleconference) was Peter Waldron with Excess Casualty Claims Americas, which company insures Battle Creek in this matter. Plaintiffs were present individually. Counsel for Battle Creek was Mark Kreter. Counsel for Plaintiffs were Robert Alvarez and Agustin Henriquez. Obstacles to settlement were the assessment of Plaintiffs' likelihood to succeed on liability and, if successful, the amount of damages.

KREIS, ENDERLE,
HUDGINS & BORSOS, P.C.

Dated: August 21, 2018

**/s/ *Mark E. Kreter***
Mark E. Kreter (P35475)
Attorneys for Defendant
8225 Moorsbridge, PO Box 4010
Kalamazoo, MI  49003-4010
(269) 324-3000
mkreter@kreisenderle.com


AVANTI LAW GROUP, PLLC

Dated: August 21, 2018

**/s/*Robert A. Alvarez***
Robert Anthony Alvarez (P66954)
Attorneys for Plaintiffs
Avanti Law Group, PLLC
600 28th Street SW
Wyoming, MI  49509
(616) 257-6807
ralvarez@avantilaw.com

IT IS SO ORDERED subject to the rulings and directions provided on the record at the

Final Pretrial Conference held August 13, 2018.


Date:  August 21, 2018                          /s/ Janet T. Neff
                                                HON. JANET T. NEFF
                                                United States District Judge

ATTACHMENT 1 – EXHIBIT LIST

| Exhibit | Description | Offered By | Objection | Date Offered | Date Received |
|---------|-------------|------------|-----------|--------------|---------------|
| 1 | Holt-Emails to/from Schmaltz | Plaintiff | | | |
| 2 | Erskine-Emails to/from Schmaltz | Plaintiff | | | |
| 3 | Holt - Email to Claggett re Staffing Issues | Plaintiff | | | |
| 4 | FOIA Request - Citizen Complaint | Plaintiff | | | |
| 5 | Standard Operating Procedures SOG 102.03 | Plaintiff | | | |
| 6 | Standard Operating Procedures SOG 102.04 | Plaintiff | | | |
| 7 | Standard Operating Procedures SOG 102.05 | Plaintiff | | | |
| 8 | Standard Operating Procedures SOG 230 | Plaintiff | | | |
| 9 | Standard Operating Procedures SOG 231 | Plaintiff | | | |
| 10 | Standard Operating Procedures SOG 224 | Plaintiff | | | |
| 11 | Standard Operating Procedures SOG 401.03 | Plaintiff | | | |
| 12 | Holt - Timecards | Plaintiff | | | |
| 13 | Erskine - Timecards | Plaintiff | | | |
| 14 | Alert Pager | Plaintiff | | | |
| 15 | Phone Pager | Plaintiff | | | |
| 16 | Radio | Plaintiff | | | |

ATTACHMENT 2 – DEFENDANTS' EXHIBIT LIST

| Exhibit No./Letter | Description | Offered By | Objection | Date Offered | Date Received |
|---|---|---|---|---|---|
| A | 5/31/07 Collective Bargaining Negotiation Notes | Defendant | | | |
| B | 8/07/07 Collective Bargaining Negotiation Notes | Defendant | | | |
| C | 8/21/07 Collective Bargaining Negotiation Notes | Defendant | | | |
| D | Hours Analysis Report – OT Only Howard Holt 9/12/12 – 9/12/15 | Defendant | | | |
| E | Hours Analysis Report – OT Only Martine Erskine 9/12/12 – 9/12/15 | Defendant | | | |
| F | Battalion Fire Chief Job Description | Defendant | | | |
| G | Battle Creek Fire Department Departmental Directive | Defendant | | | |
| H | City of Battle Creek Severance and Release Agreement | Defendant | | | |
| I | Receipt for Payment of Back Wages | Defendant | | | |
| J | Standard Operating Procedure SOP #201.00 Morning Briefings | Defendant | | | |
| K | Standard Operating Guideline SOG #202.00 Daily Staffing | Defendant | | | |
| L | Standard Operating Procedure SOP #211.00 Vacation | Defendant | | | |
| M | Standard Operating Procedure | Defendant | | | |

| Exhibit No./Letter | Description | Offered By | Objection | Date Offered | Date Received |
|---|---|---|---|---|---|
| | SOP #214.00 Station Transfer Requests | | | | |
| N | Standard Operating Procedure SOP #225.00 Incident Command Worksheet | Defendant | | | |
| O | Standard Operating Procedure SOP#240.00 Discrimination, Harassment and Retaliation | Defendant | | | |
| P | Standard Operating Procedure SOP #601.00 Incident Command Procedures | Defendant | | | |
| Q | Incident History – Structure Fires 9/12/12 – 5/1/15 | Defendant | | | |
| R | Letter RE: Take Home Vehicles | Defendant | | | |
| S | Standard Operating Procedure SOG #101.00 Departmental Rules and Regulations | Defendant | | | |
| T | Standard Operating Procedure SOG #101.02 Uniforms | Defendant | | | |
| U | Standard Operating Procedure SOG #101.05 Non-Emergency Use of Apparatus | Defendant | | | |
| V | Standard Operating Procedure SOG #101.06 Call In Phone Number | Defendant | | | |

*Attachment 2 – Defendant's Exhibit List to Final Pretrial Conference Order*
*Holt, et. al. v City of Battle Creek, Case No. 1:15-cv-931*
*Page 2 of 4*

| Exhibit No./Letter | Description | Offered By | Objection | Date Offered | Date Received |
|---|---|---|---|---|---|
| W | Standard Operating Procedure SOG#101.08 Hold Over of Personnel | Defendant | | | |
| X | Standard Operating Procedure SOP #101.14 Adding/Removing Equipment on Apparatus | Defendant | | | |
| Y | Standard Operating Procedure SOP #203.00 Exchange of Time | Defendant | | | |
| Z | Standard Operating Procedure SOP #204.00 Proper Relief of Personnel | Defendant | | | |
| AA | Standard Operating Procedure SOP #205.00 Overtime Hiring Procedures | Defendant | | | |
| BB | Standard Operating Procedure SOP #208.00 Acting Officers | Defendant | | | |
| CC | Standard Operating Procedure SOP #503.00 Daily SCBA/PASS Operational Check | Defendant | | | |
| DD | Standard Operating Procedure SOP #820.00 Dissemination of Information to the Media | Defendant | | | |
| EE | Standard Operating Procedure SOP #821.00 Talking About Emergency Services | Defendant | | | |

*Attachment 2 – Defendant's Exhibit List to Final Pretrial Conference Order*
*Holt, et. al. v City of Battle Creek, Case No. 1:15-cv-931*
*Page 3 of 4*

| Exhibit No./Letter | Description | Offered By | Objection | Date Offered | Date Received |
|---|---|---|---|---|---|
| FF | Standard Operating Procedure SOP #1003.00 Outside Training Requests | Defendant | | | |
| GG | Emails from Erskine 4/29/13 – 2/11/15 | Defendant | | | |
| HH | Emails from Holt 8/26/14 – 12/10/14 | Defendant | | | |
| II | Emails from Schmaltz 4/30/14 – 2/9/15 | Defendant | | | |
| JJ | Emails to Plaintiffs from Battle Creek Employees 4/26/13 – 2/9/15 | Defendant | | | |
| KK | October 28, 2014 Letter to Plaintiff Erskine | Defendant | | | |
| LL | Certificate of Completion – Supervisory Leadership Training | Defendant | | | |
| MM | Certificate of Completion – Supervisory Leadership Training | Defendant | | | |
| | | | | | |

*Attachment 2 – Defendant's Exhibit List to Final Pretrial Conference Order*
*Holt, et. al. v City of Battle Creek, Case No. 1:15-cv-931*
*Page 4 of 4*